NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GABRIEL SILVA, Petitioner, v. UNITED STATES DEPARTMENT OF JUSTICE, DEPARTMENT OF HOMELAND SECURITY, and FREDRICO MADURA, Respondents. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 05-CV-5830 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a petition for writ of habeas corpus relief by Gabriel Silva ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging his order of deportation. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by James B. Clark III, Assistant United States Attorney, on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, the United States Department of Justice, the Department of Homeland Security and Fredrico Madura ("Respondents") and for the reasons set forth below, Petitioner's request is **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

## I. BACKGROUND

Petitioner was born in Ecuador on December 16, 1974. (Respondents' Answer ("Resp. Br.") at 2). Petitioner came to the United States in the early 1990s and was deported as an

overstay in 1995. (Id.) Shortly thereafter, he reentered the United States without permission during the summer of 1996. (Id.) He remained in the United States until 1999, when Petitioner was again placed into removal proceedings. (Id.) On June 11, 1999, Petitioner was ordered removed pursuant to § 235(b)(1) of the Immigration and Naturalization Act ("INA"). (Petitioner's Reply to Respondents' Answer ("Pet. Br.") at 1). Under the notice and order of Expedited Removal, Petitioner was barred from reentering the United States for five years. (Id. at 1-2). Petitioner's wife and son remained in the country. (Id. at 2). Petitioner illegally reentered the United States without documentation and without passing through inspection several months after he was deported. (Id.)

In 2003, Petitioner applied for and received alien work status despite his previous order of removal from the United States. (Resp. Br. at 3). In February of 2005, Petitioner simultaneously applied for adjustment to lawful permanent resident status and for a waiver of excludability. (Id.) Petitioner failed to specify in his application under which provision of the INA he was seeking a waiver. (Id.) On December 5, 2005, Petitioner received notice that Respondents planned to reinstate his prior order of removal pursuant to INA § 241(a)(5) (8 U.S.C. § 1231(a)(5)) and 8 C.F.R. § 241. On December 13, 2005, Petitioner's application for adjustment status was formally denied based upon Respondents' reinstatement of his prior order of removal. (Id.)

Petitioner filed petition for a writ of habeas corpus before this Court on December 16, 2005. Petitioner then filed an Order to Show Cause before this Court to stay his removal on December 20, 2005, which this Court granted until Petitioner's habeas petition was decided.

## II. DISCUSSION

### A. The Immigration and Naturalization Act

Section 241(a)(5) of the INA governs reinstatement orders for aliens who have illegally reentered the United States. Pursuant to § 241(a)(5), the Attorney General must reinstate the prior order of removal from its original date if he or she discovers that an alien has reentered the country illegally after having been removed. It further states that the alien is "not eligible and may not apply for any relief under this chapter, and that the alien shall be removed under the prior order at any time after the reentry. 8 U.S.C. § 1231(a)(5).

Pursuant to the INA, Petitioner's 1999 removal order must be reinstated and Petitioner must leave the United States. In addition, the INA prohibits Petitioner from seeking any relief, which includes his current habeas petition before this Court. This Court therefore lacks jurisdiction to hear Petitioner's habeas petition unless an exception applies to this case.

### B. Possible Exceptions

Petitioner argues that this Court retains jurisdiction over this matter because he is entitled to a "hardship waiver" in regard to his reinstated order of removal. Under 8 C.F.R. § 241, there are two subsections that deal with exceptions to the INA's removal procedures that allow authorities to withhold removal. The first exception deals with special rules that must be applied under Haitian and Nicaraguan relief acts. Neither of these acts apply to Petitioner because Petitioner is neither Haitian nor Nicaraguan and is not in danger of being deported to either of those countries. Instead, Petitioner argues that he falls under the second exception. The second exception states that if an alien "expresses a fear of returning to the country ... the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a

reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." 8 C.F.R. § 241(e).

The Attorney General has the discretion to grant asylum to aliens physically present in the United States who meet the definition of a refugee under § 101(a)(42) of the INA, 8 U.S.C. § 1101(a)(42). See INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987). The term "refugee" is defined by the INA as one outside his or her country of nationality who is unable or unwilling to return to that country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42), 8 U.S.C. § 1101(a)(42). The Supreme Court has found that a person claiming to have a well founded fear of persecution must show that his or her fear is based upon a reasonable probability that harm will actually occur. Cardoza-Fonseca, 480 U.S. at 428.

Petitioner has failed to carry his burden of showing that he has a well founded fear of persecution or torture if he returns to Ecuador. He even stated in a sworn statement that was given to Respondents that he does not have any fear of torture or persecution if removed from the United States. (Resp. Br. Ex. C). Petitioner has failed to carry his burden to show the exception for asylum applies in this case. Due to Petitioner's own statements, there appears to be no reason to remand this matter to an agency to determine the reasonableness of his political asylum claim. Petitioner should have asserted this claim earlier in the proceedings and not waited to raise it for first time at oral argument before this Court in January of 2006. There is presently no other evidence before this Court indicating that Petitioner's return to Ecuador poses any unusual risk to Petitioner. Petitioner's request to remand the matter to an agency and his request for this Court to apply this waiver must therefore be denied.

**C. Circuit Case Law**

Finally, Petitioner argues that this Court should rely on the Ninth Circuit case Perez Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir. 2004), to find that Respondents improperly reinstated his removal order. In Perez, the Ninth Circuit addressed a situation where an alien, who had been previously deported, reentered the United States without passing through inspection. After his illegal reentry, the alien married a United States citizen and applied to adjust his status to that of a legal permanent resident. The Federal authorities arrested him and reinstated his previous deportation order pursuant to § 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5). The alien petitioned for review of his reinstatement order claiming the Government erred in barring his application for adjustment of status and that the reinstatement provision did not bar him from such relief. On appeal, the Ninth Circuit vacated the reinstatement order and remanded the case for the agency to consider whether to exercise its discretion and grant the petition for adjustment of status. The Court ruled in favor of the petitioner because he had applied for the discretionary relief before his deportation order was reinstated.

Although the Perez decision supports Petitioner's argument that he can avoid the impact of INA § 241(a)(5) because he applied for discretionary relief before his removal was reinstated, Ninth Circuit decisions are not binding on this Court. Furthermore, two other Circuit Courts have disagreed with the Ninth Circuit's decision and there have not been any decisions agreeing with Perez. In Berrum-Garcia v. Comfort, 390 F.3d 1158 (10th Cir. 2004), the Tenth Circuit "respectfully disagreed" with Perez, finding that "[o]nce petitioner's prior removal order has been reinstated, he no longer qualifies for any relief under the INA, regardless of whether his

applications for relief were filed before or after the reinstatement decision is made." Id. at 1163. The Court further noted that the timing of a petitioner's application "is simply immaterial." Id. The Fifth Circuit issued a similar decision in Mortera-Cruz v. Gonzales, 409 F.3d 246 (5th Cir. 2005).

This Court finds the Fifth and Tenth Circuit holdings more persuasive than the Nine Circuit's decision in Perez. Upon examining the INA, the timing of a petitioner's application is of little importance. For this reason, and all of those discussed above, Petitioner's habeas petition is denied.

## III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2241 is hereby **denied**. Accordingly, there is no probable cause for appeal and there is no probable cause to issue a certificate of appealability in connection with this decision. Consequently, the matter is hereby **dismissed**.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: June 12, 2006
Original: Clerk's Office
Cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File